## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| LINDA LANDECHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: _____ |
| | ) | |
| UNITED OF OMAHA LIFE | ) | JURY DEMAND |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>PLAINTIFF'S ORIGINAL COMPLAINT,</u>
## <u>REQUEST FOR DISCLOSURE and JURY DEMAND</u>

1.      NOW COMES LINDA LANDECHE, hereinafter referred to as "Plaintiff," and brings this action against UNITED OF OMAHA INSURANCE COMPANY, hereinafter referred to as "Defendant."

2.      Plaintiff brings this action to secure all disability benefits, whether they be described as short-term and/or long-term benefits to which Plaintiff is entitled under the disability insurance policy underwritten and administered by Defendant.

3.      Defendant has underwritten and administered the policy and has issued a denial of the benefits claimed under the policy by the Plaintiff.  The policy at issue can be identified as Policy Number GLTD-0BLTB for long-term disability.

## <u>I. PARTIES</u>

4.      Plaintiff is a citizen and resident of Lee County, Alabama.

5.      Defendant is a business incorporated in Omaha, Nebraska who maintains its principal place of business at 3300 Mutual of Omaha Plaza Omaha NE, 68175. Defendant is a properly organized business entity doing business in the State of Alabama.  Defendant may be served with process by serving its registered agent, Corporation Service Company, Inc. 641 South Lawrence Street Montgomery, AL 36104.

## II. JURISDICTION AND VENUE

6.      This is an action for damages for failure to pay benefits under an insurance policy and other related claims over which this court has jurisdiction.  This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). The two parties are wholly diverse as the Plaintiff is a citizen of Alabama and Defendant is a Nebraska citizen. Additionally, the present claim meets the $75,000 amount in controversy threshold 28 U.S.C. § 1332(a) requires exclusive of interest and costs.

7.      This court has personal jurisdiction over the present case. This court has general personal jurisdiction over the Plaintiff because the Plaintiff is domiciled in the forum. This court has specific personal jurisdiction over the Defendant because the Defendant meets the minimum contacts standard. Here, the Defendant purposefully availed themselves to the forum state, engaged in activities that could foreseeably lead the Defendant to court in the state, and the claim at issue is directly

related to the Defendant's contacts with the state and results from systematic and continuous activity such that the Defendant is essentially at home in the forum state. Finally, bringing this cause of action does not unduly offend the notions of fair play and substantial justice. *International Shoe v. Washington*, 326 US 310 (1945).

8.     This court is an appropriate venue for the present cause of action pursuant to 28 U.S.C § 1391(b)(2). Here, the disability policy at issue in the case was issued in the State of Alabama. The Plaintiff worked in Alabama and paid monthly premiums for the Policy in Alabama. The injury, and subsequent breach of contract which gave rise to the present cause of action, occurred in Alabama.

## III. THE CLAIM ON THE POLICY

9.     Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action.  Said policy became effective January 1, 2023.

10.     Plaintiff is a 59-year-old woman previously employed as an "Elementary School Teacher."

11.     Elementary School Teacher is classified under the Dictionary of Occupational Titles as Light with an SVP of 7 and considered to be skilled work.

12.     Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on March 3, 2023, as on this date Plaintiff suffered from hyperlipidemia; anxiety; depression; post-traumatic stress disorder (PTSD); grief; and panic.

13.    Plaintiff alleges she became disabled on March 4, 2023.

14.    Plaintiff filed for short-term disability benefits through the Plan administered by the Defendant.

15.    Short-term disability benefits were granted.

16.    Plaintiff filed for long-term disability benefits through the Plan administered by the Defendant.

17.    Defendant denied long-term disability benefits under the Plan pursuant to a letter to Plaintiff dated November 22, 2023.  Said letter allowed Plaintiff 180 days to appeal this decision.

18.    At the time Defendant denied Plaintiff further long-term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform her "Own Occupation"/"Any Occupation."

19.    If granted, the Plan would pay monthly benefits of $2,889.60.

20.    Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative reviews of the denial of benefits.

21.    Plaintiff timely perfected her administrative appeals pursuant to the Plan by sending letters requesting same to the Defendant.

22.    Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of her own and any other occupation as defined by the Plan.

4

23.     On June 19, 2024, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long-term disability premium benefits.

24.     Defendant also notified Plaintiff on June 19, 2024 that Plaintiff had exhausted her administrative remedies.

25.     Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

26.     Plaintiff has now exhausted her administrative remedies.

## IV. MEDICAL FACTS

27.     Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

28.     Plaintiff suffers from hyperlipidemia; anxiety; depression; post-traumatic stress disorder (PTSD); grief; and panic.

29.     Treating physicians document hyperlipidemia; anxiety; depression; post-traumatic stress disorder (PTSD); grief; and panic and the continued pain that requires ongoing pain management.

30.     Plaintiff's multiple disorders have resulted in restrictions in activity and have significantly curtailed her ability to engage in any form of exertional activity.

31.    Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

32.    Plaintiff's treating physicians document these symptoms. Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

33.    Physicians have prescribed Plaintiff with multiple medications in an effort to address her multiple symptoms.

34.    However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

35.    Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full-time basis, meaning an 8-hour day, day after day, week after week, month after month.

36.    Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

37.    The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

38.    As such, Plaintiff has been and remains disabled per the terms of the Policy and has sought disability benefits pursuant to said Policy.

39.    However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

## V. DEFENDANT'S UNFAIR CLAIMS HANDLING PRACTICES

39.    On or about May 20, 2024, Defendant's internal consultant, Lynette Foster, ALHC, ACS, performed an occupational analysis of Plaintiff's claim file.

40.    On or about November 6, 2023, Defendant's paid consultant, Stephen Gilman, M.D. (Dr. Gilman), psychiatry, performed a peer review of Plaintiff's claim file.

41.    Dr. Gilman's report is misleading, biased and results-driven in that he failed to review all relevant medical records, the report ignores or is contrary to controlling medical authority. The report fails to specify the medical standard upon which it relies.  The report is based on faulty or incorrect information.

42.    Further, Dr. Gilman failed to consider all the Plaintiff's illnesses.  Dr. Gilman failed to consider all the Plaintiff's illnesses in combination.  The report is conclusory and results-driven, as demonstrated by the fact that the report cherry-picks the information by overemphasizing information that supports the Defendant's position and de-emphasizing information that supports disability and the report does not consider the standard of disability specified in the Policy.

43.    On or about May 31, 2024, Defendant's paid consultant, Ronald Forbes, M.D. (Dr. Forbes), psychiatry, performed a peer review of Plaintiff's claim

file.

44.    Defendant, with a pre-determined agenda to find Plaintiff not disabled, relies on a biased report from Dr. Forbes.  Defendant in bad faith relies on a non-treating physician, who has not conducted a physical examination of Plaintiff, over Plaintiff's treating physician who has examined Plaintiff over a long and frequent period of time, and with more knowledge of Plaintiff's condition.

45.    There is an indication that an internal consultant, Teresa Putnam, RN, CCM, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said reviews.

46.    Defendant has failed to consider Plaintiff's credible complaints of pain and fatigue which limit Plaintiff's ability to function.

47.    Defendant has selectively reviewed Plaintiff's medical records and has cherry-picked only the excerpts from the medical records that support its pre-determined conclusion that Plaintiff is not disabled.

48.    Defendant has failed to apply the proper definition of disability.

49.    Defendant has failed to consider the side-effects of Plaintiff's medications.

50.    Defendant's consultants completed their reports without examining Plaintiff.

51.    On June 19, 2024, Defendant notified Plaintiff that Defendant affirmed

its original decision to deny Plaintiff's claim for long-term disability benefits.

52.    Defendant also notified Plaintiff on June 19, 2024 that Plaintiff had exhausted her administrative benefits.

53.    Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

54.    At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

55.    Defendant's determination was influenced by its conflict of interest.

56.    Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

57.    The long-term disability Plan gave Defendant the right to have Plaintiff to submit to a physical examination at the appeal level.

58.    A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

59.    More information promotes accurate claims assessment.

60.    Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

61.    Defendant's conduct as a whole has failed to furnish a full and fair review of Plaintiff's claim.

## VI. FIRST CAUSE OF ACTION

### Breach of Contract

62.    Plaintiff repeats and re-alleges paragraphs 1 through 61 of this Complaint as if set forth herein.

63.    Plaintiff paid all premiums due and fulfilled all other conditions of the Plan.

64.    Under the terms of the Plan, Defendant is obligated to pay Plaintiff benefits, in full and without reservation of rights, during the period of time that Plaintiff is suffering totally disabled, as those words are defined in the Plan.

65.    In breach of its obligations under the aforementioned Plan, Defendant has failed to pay Plaintiff benefits in full and without any reservations of rights during the period of time that Plaintiff is suffering "totally disabled," as those words are defined in the Plan.

66.    Defendant stopped paying benefits to Plaintiff under the Plan, despite the fact that Plaintiff was totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow.

67.    Defendant breached the Plan when it stopped paying benefits to Plaintiff, despite the fact that Plaintiff was suffering totally disability, as that phrase is defined in the Plan.  Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

68.    Plaintiff has complied with all Policy provisions and conditions precedent to qualify for benefits prior to filing suit.

69.    As a result of Defendant's breach, Plaintiff suffered financial hardship.

70.    By reason of the foregoing, Defendant is liable to Plaintiff for damages.

## VII. SECOND CAUSE OF ACTION

### Violation of Alabama Insurance Code

71.    Plaintiff realleges and incorporates each allegation contained in Paragraphs 1 through 70 of this Complaint as if fully set forth herein.

72.    Due to the aforementioned acts and omissions, Defendant has violated the Alabama Insurance Code in the following ways:

(a)    Insurance Code § 27-12-6 by misrepresenting the terms or benefits and advantages of The Policy;

(b)    Insurance Code § 27-12-7 by placing before the public materials containing untrue, deceptive, or misleading assertions, representations, or statements regarding The Policy;

11

(c)     Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;

(d)     Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

(e)     Defendant's interpretation of the definition of disability contained in the Policy is contrary to the plain language of the Policy, as it is unreasonable, arbitrary, and capricious;

(f)     Defendant failed to furnish Plaintiff a Full and Fair Review;

(g)     Defendant failed to specify information necessary to perfect Plaintiff's appeal;

(h)     Defendant has denied Plaintiff based on a selective and incomplete review of the records;

(i)     Defendant failed to credit Plaintiff's treating doctor's opinion;

(j)     Defendant has wrongfully terminated Plaintiff's long term disability benefits without evidence of improvement;

(k)     Defendant's request for objective evidence was improper;

(l)    Defendant failed to credit Plaintiff's credible complaints of pain and fatigue;

(m)    Defendant failed to consider the side effects of Plaintiff's medications;

(n)    Defendant has wrongfully relied on Defendant's hired physicians' opinions as substantial evidence;

(o)    Defendant has wrongfully relied on a reviewing doctor's opinion who failed to consider Plaintiff's occupation and/or vocational abilities;

(p)    Defendant failed to give Plaintiff an opportunity to respond to new evidence;

(q)    Defendant's objective is to terminate Plaintiff's claim which is contrary to its duty as a fiduciary to act in good faith;

(r)    Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff; and

(s)    Defendant failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

73.    Defendant knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of the Alabama Insurance Code.

## VIII. THIRD CAUSE OF ACTION

### Prompt Payment of Claim

74.    Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 73 of this Complaint as if fully set forth herein.

75.    Defendant failed to timely request from Plaintiff any additional items, statements or forms that Defendant reasonably believed to be required from Plaintiff, in violation of Alabama Insurance Code § 27-1-17.

76.    Defendant failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the twenty first business day after receipt of all items, statements, and forms required by Defendant in violation of Alabama Insurance Code § 27-1-17.

77.    Defendant delayed payment of Plaintiff's claim in violation of Alabama Insurance Code § 27-12-24

## IX. FOURTH CAUSE OF ACTION

### Statutory Interest

78.    Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 77 of this Complaint as if fully set forth herein.

79.    Plaintiff makes a claim for penalties of a 7.5% per annum statutory interest on the amount of the claim along with reasonable attorneys' fees for

violations of Alabama Commercial Law and Consumer Protection. AL Code § 8-8-10 (2023)

## X. CAUSATION

80.    The conduct described in this Petition was a producing and proximate cause of damages to Plaintiff.

## XI. DECLARATORY RELIEF

81.    Pleading further, Plaintiff would show she is entitled to declaratory relief pursuant to Section 6-6-230 of the Alabama Civil Practices and Remedies Code.  Specifically, Plaintiff would show that she is entitled to declaratory relief due to Defendant's breach of its contractual obligation under the terms of The Policy. AL CODE § 6-6-230 (2023)

82.    The evidence at trial will show that Plaintiff submitted a timely and properly payable claim for long term disability benefits to Defendant.  The evidence will show that Defendant denied Plaintiff benefits which it contractually owes, because it claims that Plaintiff's condition does not meet the Policy's definition of "disabled."

83.    The conduct of Defendant as described above creates uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal relations with Defendant.  Therefore, Plaintiff requests the Court exercise its power afforded under Article 5 of the Alabama Civil Practices and Remedies Code and declare the specific

rights and statuses of the parties herein. Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare that she is disabled as that term is both commonly understood and as defined by the insurance contract made the basis of this suit.

## XII. ATTORNEYS FEES

84.    Plaintiff prays that the Court award costs and reasonable and necessary attorney's fees as are equitable and just under § 12-19-273 of the Alabama Code. AL Code § 12-19-273 (2023).

## XIII. REQUEST FOR DISCLOSURE

85.    Pursuant to Rule 26 of the Alabama Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within 50 days of service of this request, the information or material described in Rule 26 of the Alabama Rules of Civil Procedure.

## XIV. KNOWLEDGE

86.    Each of the actions described herein were done "knowingly" as that term is used in the Alabama Insurance Code and were a producing cause of Plaintiff's damages.

## XV. RESULTING LEGAL DAMAGES

87.    Plaintiff is entitled to the actual damages resulting from Defendant's violations of the law.  These damages include the consequential damages to her

economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits; and continued impact on Plaintiff; lost credit reputation; and the other actual damages permitted by law. In addition, Plaintiff is entitled to exemplary damages.

88.    As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the minimal jurisdictional limits of this Court.

89.    Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

90.    Defendant's knowing violations of the Alabama Insurance Code entitle Plaintiff to the attorneys' fees, damages, and other penalties provided by law.

91.    Plaintiff is entitled to statutory interest on the amount of her claim at the rate of 7.5% per year as damages under Alabama Commercial Law and Consumer Protection. AL Code § 8-8-10 (2023)

92.    Plaintiff is also entitled to the recovery of attorneys' fees pursuant to § 12-19-273 of the Alabama Code. AL Code § 12-19-273 (2023).

## XVI. PRAYER

93.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court GRANT Plaintiff declaratory and injunctive relief, finding that she is entitled to all past due long-term disability benefits yet unpaid under the terms of the Plan, and that Defendant be ordered to pay all future long-term disability

benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plan.

94.    Enter an order awarding Plaintiff all reasonable actual and punitive damages, pre- and post-judgment interest as allowed by law, attorneys' fees, costs of suit and expenses incurred as a result of Defendant's wrongful denial in providing coverage, and:

95.    Enter an award for such other relief as may be just and appropriate.

**PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS TO WHICH SHE IS ENTITLED**

Respectfully submitted this the 20th day of January, 2025.

*/s/ Peter H. Burke*
Peter H. Burke (ASB-1992-K74P)
phburke@crlegalteam.com
CR LEGAL TEAM, LLP
3535 Grandview Parkway, Suite 100
Birmingham, Alabama 35243
Phone: 205-747-1915

Selina Valdez
(*PHV forthcoming*)
Tex. Bar. No. 24121872
Fed. I.D. No. 3633062
selina@marcwhitehead.com
MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW L.L.P.
403 Heights Boulevard
Houston, Texas 77007
Telephone: 713-228-8888
Facsimile: 713-225-0940

*ATTORNEYS FOR PLAINTIFF,*
*LINDA LANDECHE*

**<u>PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT:</u>**

United of Omaha Life Insurance Company
c/o The Prentice-Hall Corporation System, Inc.
641 South Lawrence Street
Montgomery, AL 36104